IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEVIN POLLINS                                                                                          PLAINTIFF

v.                                                      Civil No. 6:18-cv-06015

PRESIDENT DONALD TRUMP and                                                         DEFENDANTS
BARACK OBAMA

## REPORT AND RECOMMENDATION

The Plaintiff proceeds in this case *in forma pauperis* (IFP) and *pro se*. The Court previously granted Plaintiff's Motion for Leave to Proceed IFP. ECF No. 5. This case is before the undersigned for determination of whether service should issue on the Defendants. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Because, I find the claims made in the Complaint are entirely frivolous and because the Defendants are immune from any civil liability for their official acts, I make the following Report and Recommendation:

**1. Background**:

The allegations of the Complaint are difficult to decipher and make little sense. The Plaintiff claims entitlement to a $250,000 annual "residual" payment for "consulting service" provided to President Obama. He makes reference to a "promissory note" payable to him from the "President Obama Administration" but provides no details or copies of such alleged contract. Plaintiff claims President Obama plagiarized Plaintiff's work and "didn't share the wealth." Plaintiff claims his ideas helped pay down the national debt by 20%. Further, Plaintiff claims he offered his service to

President Obama who shared it with President Trump. ECF No. 1, pp. 7-8. As stated, the Complaint makes little sense and appears nonsensical in its claims.

**2. Discussion:**

Although some district courts have limited § 1915(e)(2)(B) pre-service dismissal to litigants who are prisoners, the Eighth Circuit has on several occasions affirmed decisions dismissing non-prisoner cases under § 1915(e). *See, e.g., Stebbins v. Stebbins*, 575 Fed.Appx. 705 (8th Cir. 2014) (unpublished *per curiam*); *Fogle v. Blake*, 227 Fed.Appx. 542 (8th Cir. 2007) (unpublished *per curiam*); *Benter v. Iowa*, 221 Fed.Appx. 471 (8th Cir. 2007) (unpublished *per curiam*); *Carter v. Bickhaus*, 142 Fed.Appx. 937 (8th Cir. 2005) (unpublished *per curiam*).

While generally the Court may not dismiss a non-prisoner *in forma pauperis* complaint prior to service for failure to state a claim, the Court has the power to dismiss, prior to service, a complaint that is frivolous on its face or that seeks relief from defendants who are clearly immune from suit. The United States Supreme Court has explained the difference in dismissal for failure to state a claim and dismissal of a frivolous claim under 28 U.S.C. § 1915(e) in cases involving non-prisoner plaintiffs proceeding IFP:[1]

> Section 1915(d) has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. **To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.** Examples of the former class are claims against which it is clear that the defendants are immune

---

[1]Section 1915(d) as discussed in *Neitzke*, is the predecessor to § 1915(e). The statute was renumbered in the passage of the Prison Litigation Reform Act.

> from suit, *see, e.g., Williams v. Goldsmith,* 701 F.2d 603 (CA7 1983), and claims of infringement of a legal interest which clearly does not exist, like respondent Williams' claim that his transfer within the reformatory violated his rights under the Due Process Clause. Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.
>
> . . .
>
> That frivolousness in the § 1915(d) context refers to a more limited set of claims than does Rule 12(b)(6) accords, moreover, with the understanding articulated in other areas of law that not all unsuccessful claims are frivolous.

*Neitzke v. Williams*, 490 U.S. 319, 327–28, 330-31 (1989) (emphasis added). The Supreme Court in *Neitzke* affirmed the dismissal of claims against defendants where the plaintiff could "make no rational argument to support his claims for relief against these officials." *Id.* at n. 2.

Accordingly, Plaintiff's complaint must be dismissed if it is frivolous, malicious, or seeks monetary relief from a party immune to suit. Because he is a *pro se* litigant, his complaint must be construed liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a *pro se* litigants must allege sufficient facts to support the (non-frivolous) claims contained in the complaint. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This case is subject to dismissal. First, the claims contained in the complaint are frivolous, irrational and clearly legally baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.). Second, the President of the United States has absolute immunity from civil liability for his official acts. *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982). Here, all of the allegations, to the extent the Court can decipher what they are, are against a former and current President of the United Sates for actions taken while they were in office.

**3. Conclusion:**

For the reasons stated, I recommend this case be dismissed with prejudice because it is frivolous and requests relief from Defendants which are clearly immune from suit for their official acts. *See, Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); 28 U.S.C. § 1915(e)(2)(B).

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court**.

**ENTERED** this **9th day of February 2018**.

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE